IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:89-CR-15-BO

| | |
|---|---|
| UNITES STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | **ORDER** |
| ) | |
| WILLIAM HARDY HUTCHINSON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on defendant's pro se motions to "activate federal sentence." [DE 2, 3]. For the reasons stated herein, the motions are DENIED.

## BACKGROUND

On May 30, 1989, defendant pled guilty pursuant to a written plea agreement to possession of a firearm by a felon and to possession of marijuana. On August 21, 1989, defendant was sentenced to 46 months imprisonment and 3 years of supervised release. Defendant served his imprisonment and was released to supervised release. On or about January 9, 1993, defendant was arrested by the Wake County Sheriff's Department and was charged with the following crimes: Larceny of Auto, Robbery with a Dangerous Weapon, First Degree Sexual Offense, and First Degree Burglary. On January 14, 1993, the Court issued a writ of habeas corpus *ad prosequendum* for the defendant in order to bring him to federal court for a hearing on the revocation of his supervised release. On January 26, 1993, this Court revoked defendant's supervised release and sentenced defendant to 24 months' imprisonment. After this sentencing defendant was returned to the custody of the Wake County Sheriff's Department. On May 13,

1993, defendant was sentenced in state court to life imprisonment and to 50 years' imprisonment for the offense conduct that resulted in the revocation of his supervised release. On October 2, 2013, and again on May 27, 2014, defendant filed two motions and supporting documents which are substantially similar and request identical relief. Defendant asks that this Court order the federal prison sentence for violating his supervised release be activated and served immediately.

## DISCUSSION

Defendant argues that he has been in federal custody since his arrest on January 26, 1989 for his original federal offense and therefore the United States has primary jurisdiction over him and he should serve his federal sentence before his state sentence. Mr. Hutchinson's interpretation of the law surrounding this issue is mistaken and his motions are denied.

"The concept of primary jurisdiction refers to the priority of service regarding a defendant's contemporaneous obligations to multiple sovereigns, whereby a defendant will fulfill his obligations to the sovereign with primary jurisdiction over him before any others." *Trowell v. Beeler*, 135 F. App'x 590, 594 n.2 (4th Cir. 2005) (unpublished) (quotation omitted). North Carolina, as the sovereign which first arrested defendant for the offense conduct that resulted in his federal supervised release revocation and his state sentence of life plus 50 years' imprisonment, obtained primary jurisdiction over him at that time and retained legal custody at all relevant times. Further, even if the United States had primary jurisdiction over Hutchinson on account of his status on supervised release, "it yielded that superior jurisdictional right when it permitted [defendant] to be incarcerated in state prison without a challenge to the state's jurisdiction." *Thomas v. Whalen*, 962 F.2d 358, 362 n.7 (4th Cir. 1992).

Here, defendant was sentenced in this Court, after his arrest by the state, pursuant to a federal writ of habeas corpus *ad prosequendum*. When produced on such a writ, a defendant's

sentence does not begin to run – "[r]ather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." *United States v. Evans*, 159 F.3d 908, 911 (4th Cir. 1998). Therefore there is simply no action to take on this matter. The defendant is properly serving his state sentence and will not begin to serve his federal sentence until after satisfying his state obligation. Accordingly, defendant's motions are denied.

## **CONCLUSION**

For the foregoing reasons, defendant's motions are DENIED.

SO ORDERED, this __12__ day of June, 2014.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE